UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LIAM S. | : |
| | : |
| v. | :     C.A. No. 23-00194-WES |
| | : |
| MARTIN O'MALLEY, Commissioner | : |
| Social Security Administration | : |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter is before the Court for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"), 42 U.S.C. § 405(g). Plaintiff filed his Complaint on May 12, 2023 seeking to reverse the Decision of the Commissioner. On October 11, 2023, Plaintiff filed a Motion to Reverse or Remand the Decision of the Commissioner. (ECF No. 13). On December 5, 2023, Defendant filed a Motion for an Order Affirming the Decision of the Commissioner. (ECF No. 15). On January 16, 2024, Plaintiff filed a Reply. (ECF No. 17).

This matter has been referred to me for preliminary review, findings, and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72. Based upon my review of the record, the parties' submissions, and independent research, I find that there is substantial evidence in this record to support the Commissioner's decision and findings that Plaintiff is not disabled within the meaning of the Act. Consequently, I recommend that Plaintiff's Motion to Reverse or Remand (ECF No. 13) be DENIED and that the Commissioner's Motion for an Order Affirming (ECF No. 15) be GRANTED.

I.     **PROCEDURAL HISTORY**

Plaintiff filed an application for SSI on December 9, 2020 (Tr. 224-233) and for DIB on December 10, 2020 (Tr. 234-235) alleging disability since July 20, 2019.  The Applications were denied initially on February 26, 2021 (Tr. 110-115, 116-121) and on reconsideration on July 7, 2021.  (Tr. 124-132, 133-141).  Plaintiff requested an Administrative Hearing.  On February 10, 2022, a hearing was held before Administrative Law Judge Jason Mastrangelo (the "ALJ") at which time Plaintiff, represented by counsel, and a Vocational Expert ("VE") appeared and testified.  (Tr. 37-68).  The ALJ issued an unfavorable decision to Plaintiff on February 28, 2022.  (Tr. 16-32).  The Appeals Council denied Plaintiff's request for review on April 13, 2023.  (Tr. 1-2).  Therefore, the ALJ's decision became final.  A timely appeal was then filed with this Court.

II.    **THE PARTIES' POSITIONS**

Plaintiff argues that the ALJ erred at Step 2 by finding his Lyme disease to be non-severe and by making an unsupported Step 5 determination as to job numbers.

The Commissioner disputes Plaintiff's arguments and contends that the ALJ's Step 2 determination is supported by substantial evidence and that the Step 5 argument was waived.

III.   **THE STANDARD OF REVIEW**

The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  Ortiz v. Sec'y of HHS, 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of HHS, 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact. Rodriguez Pagan v. Sec'y of HHS, 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. Frustaglia v. Sec'y of HHS, 829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled. Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences. Seavey, 276 F.3d at 8. To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the law relevant to the disability claim. Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for district court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow her to explain the basis for her decision. Freeman v. Barnhart,

-3-

274 F.3d 606, 609-610 (1st Cir. 2001). On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals Council). After a sentence four remand, the court enters a final and appealable judgment immediately, and thus loses jurisdiction. Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding;

42 U.S.C. § 405(g). To remand under sentence six, the claimant must establish: (1) that there is new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there is a reasonable possibility that it would change the administrative result; and (3) there is good cause for failure to submit the evidence at the administrative level. See Jackson v. Chater, 99 F.3d 1086, 1090-1092 (11th Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the Commissioner, if new, material evidence becomes available to the claimant. Id. With a sentence six remand, the parties must return to the court after remand to file modified findings of fact. Id. The court retains jurisdiction pending remand and does not enter a final judgment until after the completion of remand proceedings. Id.

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe,

making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

    A.    **Opinion Evidence**

For applications like this one, filed on or after March 27, 2017, the Administration has fundamentally changed how adjudicators assess opinion evidence.  The requirements that adjudicators assign "controlling weight" to a well-supported treating source's medical opinion that is consistent with other evidence, and, if controlling weight is not given, must state the specific weight that is assigned – are gone. See Shaw v. Saul, No. 19-cv-730-LM, 2020 WL 3072072, *4-5 (D.N.H. June 10, 2020) citing Nicole C. v. Saul, Case No. cv 19-127JJM, 2020 WL 57727, at *4 (D.R.I. Jan. 6, 2020) (citing 20 C.F.R. § 404.1520c(a)). Under the newly applicable regulations, an ALJ does not assign specific evidentiary weight to any medical opinion and does not defer to the opinion of any medical source (including the claimant's treating providers).  20 C.F.R. §§ 404.1520c(a), 416.920c(a).  Instead, the ALJ evaluates the relative persuasiveness of the medical evidence in terms of five specified factors.  Id.

The five factors the ALJ considers in evaluating the persuasiveness of a medical opinion are supportability (the relevance of the opinion's cited objective medical evidence), consistency (how consistent the opinion is with all of the evidence from medical and non-medical sources), treatment/examining relationship (including length of treatment relationship, frequency of examinations, purpose of treatment relationship, and existence and extent of treatment/examining relationship), specialization (the relevance of the source's specialized education or training to the claimant's condition), and what the Administration refers to as "other factors" (the medical source's familiarity with the claimant's medical record as a whole and/or with the Administration's policies or evidentiary requirements).  Shaw, 2020 WL 3072072 at *4 citing 20 C.F.R. §§

404.1520c(c)(1)-(5), 416.920c(c)(1)-(5) (emphasis supplied). Of the five factors, the "most important" are supportability and consistency. Id. §§ 404.1520c(a), 404.1520c(b)(2), 416.920c(a), 416.920c(b)(2).

While the ALJ must consider all five of the factors in evaluating the persuasiveness of medical evidence, when preparing the written decision, the ALJ is, in most cases, only required to discuss application of the supportability and consistency factors. Id. §§ 404.1520c(b)(2), 416.920c(b)(2). Only where contrary medical opinions are equally persuasive in terms of both supportability and consistency is the ALJ required to discuss their relative persuasiveness in terms of the treatment/examining relationship, specialization, and other factors. Id. §§ 404.1520c(b)(3), 416.920c(b)(3). In addition, where a single medical source offers multiple opinions, the ALJ is not required to discuss each opinion individually, but instead may address all of the source's opinions "together in a single analysis." Id. §§ 404.1520c(b)(1), 416.920c(b)(1).

Moreover, while the ALJ must consider all of the relevant evidence in the record, Id. §§ 404.1520b(a)-(b), 416.920b(a)-(b), the ALJ need not discuss evidence from nonmedical sources, including, e.g., the claimant, the claimant's friends and family, educational personnel, and social welfare agency personnel. Id. §§ 404.1502(e), 404.1520c(d), 416.902(j), 416.920c(d). And while the regulations require the ALJ to discuss the relative persuasiveness of all medical source evidence, Id. §§ 404.1520c(b), 416.920c(b), the claimant's impairments must be established specifically by evidence from an acceptable medical source, Id. §§ 404.1521, 416.921.

"Acceptable medical sources" are limited to physicians and psychologists, and (within their areas of specialization or practice) to optometrists, podiatrists, audiologists, advanced practice registered nurses, physician assistants, and speech pathologists. Id. §§ 404.1502(a), 416.902(a). Evidence from other medical sources, such as licensed social workers or

chiropractors, is insufficient to establish the existence or severity of a claimant's impairments.  Id. Finally, the ALJ need not discuss evidence that is "inherently neither valuable nor persuasive," including decisions by other governmental agencies or nongovernmental entities, findings made by state disability examiners at any previous level of adjudication, and statements by medical sources as to any issue reserved to the Commissioner.  Id. §§ 404.1520b(c), 416.920b(c).

### B. Developing the Record

The ALJ has a duty to fully and fairly develop the record.  Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991).  The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained.  See 42 U.S.C. § 406; Evangelista v. Sec'y of HHS, 826 F.2d 136, 142 (1st Cir. 1987).  The obligation to fully and fairly develop the record exists if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel.  Id.  However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty.  See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

### C. Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled.  20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986).  In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to

enable the ALJ to render an informed decision. Carrillo Marin v. Sec'y of HHS, 758 F.2d 14, 17 (1st Cir. 1985).

### D. The Five-step Evaluation

The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity ("RFC"), age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f). Significantly, the claimant bears the burden of proof at steps one through four, but the Commissioner bears the burden at step five. Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act. Seavey, 276 F.3d at 5. The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits. Deblois v. Sec'y of HHS, 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a), (c). If a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability. Id.

**E.  Other Work**

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy. Seavey, 276 F.3d at 5. In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a claimant. Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989). This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines (the "grids"). Seavey, 276 F.3d at 5. Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors. Id.; see also Heckler v. Campbell, 461 U.S. 458 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills. Nguyen, 172 F.3d at 36. In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert. Heggarty, 947 F.2d at 996. It is only when the claimant can clearly do unlimited types of work at a given residual

functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy. See Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981). In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

    **1.**    **Pain**

"Pain can constitute a significant non-exertional impairment." Nguyen, 172 F.3d at 36. Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged. 42 U.S.C. § 423(d)(5)(A). The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. SSR 16-3p, 2017 WL 4790249, at *49462; 20 C.F.R. § 404.1529(c)(3). In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

    (1)    The nature, location, onset, duration, frequency, radiation, and intensity of any pain;

    (2)    Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);

    (3)    Type, dosage, effectiveness, and adverse side-effects of any pain medication;

    (4)    Treatment, other than medication, for relief of pain;

  (5) Functional restrictions; and

  (6) The claimant's daily activities.

Avery v. Sec'y of HHS, 797 F.2d 19, 29 (1st Cir. 1986). An individual's statement as to pain is not, by itself, conclusive of disability. 42 U.S.C. § 423(d)(5)(A). However, the individual's statements about the intensity, persistence, and limited effects of symptoms may not be disregarded "solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms." SSR 16-3p, 2017 WL 4790249, at *49465.

  **2.** **Credibility**

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. Rohrberg, 26 F. Supp. 2d at 309. A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. See Frustaglia, 829 F.2d at 195. The failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case. See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982). If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)). Guidance in evaluating the claimant's statements regarding the intensity, persistence, and limiting effects of subjective symptoms is provided by SSR 16-3p, 2017 WL

4790249, at *49462 (Oct. 25, 2017). It directs the ALJ to consider the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; any other relevant evidence; and whether statements about the intensity, persistence, and limiting effects of symptoms are consistent with the medical signs and laboratory findings. SSR 16-3p, 2017 WL 4790249, at *49465.

V.     APPLICATION AND ANALYSIS

A.     The ALJ's Decision

As a preliminary finding, the ALJ determined that Plaintiff met the insured status requirements of the Social Security Act through September 30, 2022. (Tr. 21). At Step 1, the ALJ found that Plaintiff had not engaged in substantial work activity since the alleged onset date, July 20, 2019. (20 C.F.R. §§ 404.1557 and 416.971). (Tr. 21). At Step 2, the following impairments were found to be severe (20 C.F.R. §§ 404.120(c) and 416.920(c)): bilateral hip necrosis, status-post left hip replacement; right knee disorder status-post meniscus and ACL tear; neurocognitive disorder; posttraumatic stress disorder; and anxiety disorder. (Tr. 22). Carpal tunnel syndrome, Lyme disease, gout, and history of substance and alcohol abuse were found non-severe. (Tr. 22-23).

At Step 3, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926), with Listings 1.17, 1.18, 12.02, 12.06, and 12.15 considered. (Tr. 23-24). The ALJ determined Plaintiff's RFC to be generally for work at the light exertional category (20 C.F.R. §§ 404.1567(b) and 416.967(b)) with the following additional limitations:

-12-

> [H]e can stand or walk for a total of two hours in an eight-hour day and can sit for six hours in an eight-hour day. He can occasionally climb ramps, stairs, ropes, ladders, and scaffolds. He can frequently balance. He can occasionally stoop, kneel, crouch, and crawl. He should avoid concentrated exposure to hazards such as machinery and heights. He is limited to maintaining attention and concentration to understand, remember, and carry out simple tasks and instructions. Due to distractibility, he cannot perform team-oriented tasks. He is limited to simple, routine work-related decision making and can tolerate simple routine changes in a work setting.

(Tr. 25).

At Step 4, Plaintiff was found unable to perform any past relevant work. (Tr. 30). At Step 5, considering Plaintiff's age (a younger individual pursuant to 20 C.F.R. §§ 404.1563 and 416.963), education (at least a high school education pursuant to 20 C.F.R. §§ 404.1564 and 416.964), work experience, and RFC, it was found that there are substantial other jobs which exist in the national economy that Plaintiff could perform. (Tr. 31). Based on the Step 5 finding, Plaintiff was found not under a disability as defined in the Social Security Act (20 C.F.R. §§ 404.1520(g) and 416.920(g)). (Tr. 32).

### B.     Any Step 2 Error is Plainly Harmless on this Record

Plaintiff argues that the ALJ erred at Step 2 in finding his Lyme disease to be a non-severe impairment. The ALJ acknowledged that Plaintiff was diagnosed with Lyme disease in August 2020 and that he "initially experienced significant symptoms." (Tr. 22). However, the ALJ ultimately found that the record showed improvement with treatment to "only mild intermittent complaints." Id. Plaintiff argues that the ALJ's description is an inaccurate reading of the record which includes reports of serious, ongoing Lyme disease symptoms through September 2021. (ECF No. 13 at p. 6).

At Step 2, Plaintiff has the burden to show that he had a "medically determinable" physical or mental impairment(s) that significantly limited his ability to do basic work activity at the relevant time. Luz R. v. Saul, C.A. No. 19-00307-WES, 2020 WL 1026815, at *6 (D.R.I. Mar. 3, 2020), adopted by text order, (D.R.I. Mar. 30, 2020). However, an error at Step 2 does not require remand as long as the sequential analysis continues, and limitations caused by symptoms related to the overlooked impairment are incorporated into the RFC. White v. Colvin, No. 14-171 S, 2015 WL 5012614, at *8 (D.R.I. Aug. 21, 2015); see Courtemanche v. Astrue, No. CA 10-427M, 2011 WL 3438858, at *15 (D.R.I. July 14, 2011) (any error at Step 2 is harmless "absent any specific showing by Plaintiff of any particular functional limitations attributable to [the impairment] that the ALJ failed to consider in making his RFC finding"), adopted sub nom. Courtemanche v. Astrue, 2011 WL 3421557 (D.R.I. Aug. 4, 2011).

Here, although reasonable minds may differ as to whether Plaintiff's Lyme disease met the Step 2 severity threshold, any potential error is harmless for the following reasons: First, the ALJ continued his analysis beyond Step 2 and indicated that he considered all of Plaintiff's impairments, "including those that are not severe," in assessing the RFC. (Tr. 23). Second, the ALJ assessed an RFC for a significantly restricted range of light work (Tr. 25) which was more restrictive than the RFC opinions of the state agency physicians who also considered Plaintiff's Lyme disease. (Exhs. 3A and 7A). Third, as accurately observed by the ALJ, the records do reflect improvement as well as an inconsistency between Plaintiff's reported symptoms and his reported work activity. For instance, on October 4, 2021, Plaintiff reported only hand symptoms due to carpal tunnel syndrome "worse when he wakes up in the am and after working all day." (Tr. 1229). He did not report any Lyme disease complaints and indicated he was "otherwise doing well." Id. On September 15, 2021, Plaintiff reported that he was told his Lyme disease had "resolved" but

"his body still feels like he has it." (Tr. 1231). He reported only "intermittent" symptoms and that he was "working as much as possible." (Tr. 1231-1232). On July 26, 2021, Plaintiff reported periods of Lyme disease symptoms but indicated he was "working FT." (Tr. 1241). And, finally, Plaintiff does not meet his burden at Step 2 of pointing to any medical records or medical opinions showing that a more restrictive RFC is actually warranted on this record.

        **C.**        **Any Step 5 Error is Waived on this Record**

At Step 5, the VE testified that a person with Plaintiff's RFC could perform several light and sedentary unskilled positions. (Tr. 31-32). The VE provided the DOT code for each position identified and adjusted job numbers. Id. Plaintiff's counsel only briefly questioned the VE on cross-examination as to the source of those numbers and what part of the record she had reviewed. (Tr. 66-67). As to the job numbers, the VE testified that she used a program called Job Browser Pro which obtains the numbers from the "Department of Labor Bureau of Statistics," and she made clear that her job numbers were for full-time jobs only and DOT specific. Id. Plaintiff's counsel did not ask any follow-up questions of the VE or any questions at all regarding the alleged ambiguities now complained about. Id. Thus, the VE's testimony was clear and uncontroverted and reasonably relied upon by the ALJ in making his Step 5 non-disability finding. (Tr. 31-32).

Plaintiff now asserts that the VE failed to explain the methodology or basis for the jobs and job numbers identified, and thus the Step 5 "proof offered was impermissibly vague." (ECF No. 13 at pp. 7-11). The Commissioner persuasively counters that Plaintiff waived this argument by failing to raise it at the administrative level, and that, in any event, the VE's testimony is adequately supported and constitutes substantial evidence supporting the Step 5 finding. (ECF No. 15 at pp. 8-15).

The Court need not progress beyond the waiver argument.  Plaintiff's argument is based on unsupported speculation about the VE's job number testimony manufactured by his counsel's silence at the hearing when offered the opportunity to question the VE.  Case law in this District is clear that a Plaintiff is required to first raise such an objection at the administrative level in order to develop an appropriate record and then pursue such a claim before the District Court.  See Redley W. v. Kijakazi, No. 23-72-WES, 2023 WL 6057447, at *8 (D.R.I. Sept. 18, 2023); and Isaiah M. v. Kijakazi, No. 23-150-MSM, 2023 WL 6229637, at *8 (D.R.I. Sept. 26, 2023). "Plaintiff's [ ] argument fails because it was waived by Plaintiff's failure to raise his challenge…before the ALJ."  Scott B. v. Kijakazi, No. CV 21-481MSM, 2022 WL 17335993, at *9 (D.R.I. Nov. 30, 2022), report and recommendation adopted, No. 1:21-cv-00481-MSM, 2023 WL 1794576 (D.R.I. Feb. 7, 2023).  This is true, even in cases such as this, where the burden has shifted to the Commissioner at Step 5.  See Gould v. Colvin, No. CV 16-004S, 2017 WL 979026, at *8 (D.R.I. Jan. 25, 2017) ("[p]laintiff passed up not one, but two chances to ask a VE to provide the DOT numbers. The failure to do so at either hearing waives her right to raise the issue now."). Because Plaintiff's counsel opted not to question the VE in any depth or substance about the job numbers provided to address the purported ambiguity of which he now complains, (Tr. 66-67), the argument is waived.

**CONCLUSION**

For the reasons discussed herein, I recommend that Plaintiff's Motion to Reverse or Remand (ECF No. 13) be DENIED and that the Commissioner's Motion for an Order Affirming (ECF No. 15) be GRANTED.  I further recommend that Final Judgment enter in favor of Defendant.

Any objections to this Report and Recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen days of service of this Report and Recommendation.  See Fed. R. Civ. P. 72(b); DRI LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See Brenner v. Williams-Sonoma, Inc., 867 F.3d 294, 297 n.7 (1st Cir. 2017); Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

 /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
January 24, 2024